IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0004-05






PETER PAUL HOBYL, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


CHAMBERS COUNTY





 Meyers, J., delivered the opinion for a unanimous Court.


O P I N I O N 



 A jury found Appellant, Peter Paul Hobyl, guilty of the state jail felony of evading
arrest and detention while using a vehicle. It assessed his punishment at confinement for
270 days and a fine of $2000. (1) On appeal, one of Appellant's contentions was that the
trial court erred in instructing the jury in the punishment charge that the trial court "could
suspend the imposition of the sentence assessed by the jury and place appellant on
community supervision." The First Court of Appeals held that the complained-of
instructions were neither "unnecessary" nor "prejudicial," explaining that they contained
a proper articulation of the law and did not violate Appellant's constitutional rights to due
process and due course of law under the United States and Texas constitutions. Hobyl v.
State, 152 S.W.3d 624, 629 (Tex. App.-Houston [1st Dist.] 2004, pet. granted).

 When we granted Appellant's petition for discretionary review, jury-recommended
community supervision was not available to a defendant convicted of a state jail felony
under Tex. Code Crim. Proc. Ann. art. 42.12 § 4(d)(2) (Vernon Supp. 2004-2005). In
September 2005, the legislature amended the statute to permit jury-recommended
community supervision for a defendant convicted of a state jail felony. (2) After further
consideration of the petition for discretionary review, and because Appellant's issue is
moot for the purposes of future jurisprudence, we have determined that Appellant's
petition was improvidently granted. Therefore, Appellant's petition for discretionary
review is dismissed.

 Meyers, J.

Delivered: June 7, 2006

Publish 

1. Pursuant to Tex. Pen. Code § 12.35(a), "an individual adjudged guilty of a state jail
felony shall be punished by confinement in a state jail for any term of not more than two years or
less than 180 days. Pursuant to § 12.35(b), "an individual adjudged guilty of a state jail felony
may be punished by a fine not to exceed $10,000."
2. Amendment to (d)(2) effective September 1, 2005 (HB 1759, §1).